Day, J.
The question in the case is made on the order of the court, overruling a motion to set aside a judgment rendered against the plaintiffs in error, on a sealed note or bill, by viitue of a warrant of attorney. The ground of the motion was, the alleged want of jurisdiction of the court below of the defendants in the case. The court had no jurisdiction of them, other than that obtained through the warrant of attorney attached to the note upon which the judgment was rendered.
The question, then, is, whether the confession under the warrant of attorney gave the court jurisdiction of the defendants below, to render judgment on the note against ■ them in favor of the plaintiff below.
The note is made payable to “ Rickley & Brother or order.” It is under seal, and was not negotiated by indorsement, as authorized by the statute. It is averred, however, that the plaintiff below became the owner and holder of the note by purchase of Rickley & Brother, and paid them therefor the full amount of the note. Though he might, as the owner of the note in equity, have brought an action thereon, under the provisions of the code, in his own name, against the makers of the note, it does not follow that he could obtain judgment by confession on their warrant of attorney attached to the note. That depends on the extent of the power conferred by the warrant. The attorney can do nothing more than execute the power conferred by his warrant; moreover, “ all authorities of this sort must be strictly pursued.” Cowie v. Allaway, 8 Durnf. & East, 257. “ Indeed, formal instruments of this sort are ordinarily subjected to a sti’ict interpretation, and the authority is never extended beyond that, which is given in terms, or which is necessary and proper for carrying the authority so given into full effect.” Story on Agency, sec. 68.
Now, the power conferred by the terms of the instrument in this case was, to confess judgment only “ in favor of the *540 legal bolder ” of tbe note. Tbe plaintiff below was not tbe “ legal ” bolder of tbe note, for tbe note bad not been indorsed to bim. He could become tbe “ legal bolder ” of tbe note only “ by indorsement thereon,” as authorized by tbe statute. S. & C. Stat. 862; Avery v. Latimer, 14 Ohio, 542.
Tbe waiving of process and confession of judgment in favor of tbe plaintiff below, was not, then, within tbe authority conferred by tbe power of attorney. Under tbe rule of interpretation applicable to such instruments, we must conclude that the jurisdiction of tbe defendants below, obtained through tbe warrant of attorney only, and tbe confession of judgment by means thereof, exceeded the authority conferred by tbe defendants in their power of attorney, and that tbe court, therefore, erred in overruling their motion to set aside tbe judgment, irregularly obtained against them.
Tbe negotiability of a warrant of attorney, with tbe note to which it is attached, was questioned in Ma/rsden v. Soper, 11 Ohio St. 503; and denied in Osborn v. Hawley, 19 Ohio, 130. But it is not necessary to pass upon tbe question in this case, for tbe judgment must be reversed on tbe ground already stated.
Beinkerhoff, C.J., and Scott, Welch, and White, JJ., concurred.